*Wimbish & Ellis,* for plaintiff in error. *C. B. Reynolds,* contra.

---

## 3874. RITCHEY *v.* PENDLEY *et al.*

Where it is uncontradicted that the absence of a party to a cause is due to the fact that he is at home, where his presence is necessary, for the reason that "his wife is likely to be confined at any minute," and his counsel makes the requisite statement that he (counsel) can not safely go to trial without the presence of the absent party, and especially when it is shown, in addition, that the absent party is a material witness, the ends of justice require that a continuance be had. Civil Code (1910), § 5717. Under such circumstances the continuances of such a party are not exhausted, although the case may previously have been continued by reason of the absence of his counsel in the General Assembly, and in another instance continued by agreement. The judge erred in refusing to continue the case, and the subsequent proceedings in the trial were therefore nugatory.

Decided September 24, 1912.

Appeal; from Whitfield superior court—Judge Fite. October 18, 1911.

*M. C. Tarver,* for plaintiff.

*C. D. Rivers, Maddox, McCamy & Shumate,* for defendants.

Russell, J. The first exception to the judgment of the court below, which was adverse to the plaintiff in error, depends on the correctness of the lower court's ruling upon the motion for continuance. Upon the call of the case counsel for the plaintiff in error moved for a continuance, on account of the absence of his client (as well as on account of the absence of another witness, as

to whom the ruling was correct). The father-in-law of the absent party testified: "He is not here this morning, and will not be here. His wife is about to be confined; likely to be confined at any minute. His presence there is necessary." It appears from the bill of exceptions that counsel made the statement required by section 5717 of the Civil Code (1910), that he could not safely go to trial in the absence of his client, and it further appears that if Ritchey had been present he would have been a material witness in his own behalf. We think that, under these facts, the ends of justice required that the case should have been continued. We can not conceive of a more pressing obligation than that which binds the husband to care for his wife in sickness, and we can see no reason why the sickness incident to confinement and the travail of child-bearing should be an exception. The general rule is to permit a husband to minister to his wife in her illness, and to excuse his absence from court if his presence at his home is necessary. It is urged by counsel that the witness (who appears from the record to have been the father of the sick wife) was incompetent to testify as to her condition, and the consequent necessity of her husband's presence at home. It is apparent that this point is without merit, because a physician who is attending a wife "likely to be confined at any minute" should, if he is performing his duty as a physician, be with his patient, and can not be in court to testify. Furthermore, the nature of the illness which was made the basis of the motion for a continuance in this case is a matter of common knowledge. Any witness can testify to the facts, if he knows them; and we apprehend there would be few witnesses better able to state the necessity for the husband to be at home than his father-in-law, who was presumably familiar with all of the circumstances surrounding the wife,—the number of small children, if any, who required the attention of the father in the sickness of the mother, the amount of domestic help, the temperament and disposition of the sick wife, etc.

The learned trial judge, in overruling the motion to continue, does not seem to have placed his decision upon the ground advanced by the defendant in error, but rather upon the fact that the movant's continuances had been exhausted. Section 5717 is as follows: "If either party shall be providentially prevented from attending at the trial of any cause, and the counsel of such absent

party will state in his place that he can not go safely to trial without the presence of such absent party, such cause shall be continued, provided his continuances are not exhausted." Taking into consideration the nature of the showing in the present instance, we do not think that the movant's continuances had been exhausted, merely because at a prior term of the court the case had been continued by agreement of parties, and at the July term, 1911, had been continued because of the absence of his counsel in the General Assembly. The latter was a continuance by law, designed primarily, not for the benefit of parties, but for their counsel. It was not, strictly speaking, a continuance for Ritchey, because if his counsel thought it his duty to remain in attendance on the legislature, he could have done so, and Ritchey could not have gotten a trial, even if he had desired to have the case tried, unless he had gone to the expense of employing other counsel. The continuance by agreement of parties was not, strictly speaking, a continuance by this movant, and therefore was not wholly chargeable to him. *Judgment reversed.*